# Echard *v.* Morton, Appellant.

*Slander—Privileged communication—Burden of proof—Malice.*

A statement made in good faith relating to a subject in which the person making the communication is interested or in regard to which he has a social or moral duty, when made to one having a like interest or duty, is privileged, and in such case the burden of proof rests on the party claiming to have been slandered to show that the communication was malicious. This includes communications bona fide made by the author in the prosecution of his own rights or interests. As to such communication the law does not imply malice from the communication itself. The plaintiff must satisfy the jury of the existence of actual malice before he is entitled to a recovery.

Whether a communication is privileged or not is a question of law to be determined by the court. Whether the defendant was actuated by malicious motives in speaking the defamatory words is a question of fact for the jury.

In an action of trespass for scandal it appeared that when the borough in which defendant lived was about to open a street, the defendant appeared at a meeting of the council and stated that the borough authorities had entered upon his land without right and were causing damage to his property. A deed was then exhibited by the clerk of the council which it was alleged had been executed by the defendant and under which the borough claimed the right to occupy the defendant's land included within the lines of the street. The deed purported to have been acknowledged before the plaintiff, a justice of the peace. The defendant denied that he ever executed it in the presence of the plaintiff. Thereupon the plaintiff brought the action for the defamation implied in the defendant's denial. *Held,* that the defendant's denial was privileged, and that the burden was on the plaintiff to show that the words used were not true, and that the defendant uttered them maliciously.

Argued April 18, 1904. Appeal, No. 138, April T., 1904, by defendant from judgment of C. P. Fayette Co., Dec. T., 1901, No. 260, on verdict for plaintiff in case of James Echard *v.* A. B. Morton. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages for slander. Before UMBEL, J. The facts are stated in the opinion of the Superior Court.

The court charged in part as follows :

The defendant therefore relies for his defense in this case on what he claims to be the truth of his statement, claiming that he never did acknowledge the deed that was offered or that

was spoken of at that time and a copy of which or the record
of which, has been offered in evidence here before you.    If that
be true, if he did not acknowledge that deed before Esquire
Echard, then your verdict should be for the defendant.

[In that regard, if the defendant uttered those words, we
will say to you that if they were false then they are capable of
the meaning contended for by the plaintiff.    If they were not
false then your verdict should be for the defendant.    If they
are false and if he uttered them then your verdict should be
for the plaintiff, if you find that the defendant used them in the
sense contended for by the plaintiff; it is for you to determine
the meaning intended by the defendant when he uttered those
words if they were false.    The defendant admits that he uttered
them; then the next consideration for you to pass upon is
whether or not they were false.    If they were false then they
were or could .be slanderous according as you determine the
meaning intended and if they were slanderous and injurious to
the reputation of the plaintiff then the next question for your
consideration would be the amount of damages.]    [3]

Defendant presented these points:

1. If the jury believe that the defendant made denial to
the Connellsville borough council and elsewhere of the said
acknowledgment of his deed, as alleged in the plaintiff's state-
ment, with no purpose of injuring the plaintiff, but in the hon-
est belief that the said acknowledgment had not been made by
him, the defendant's statements thus denying the said acknowl-
edgment were not in themselves slanderous, and without evi-
dence of malice on the part of the defendant towards the
plaintiff, the verdict should be for the defendant.    *Answer:*
Refused as in such case malice may be presumed until the
contrary is proved. [5]

3. If the defendant, honestly although mistakenly, believ-
ing that he had not acknowledged the said deed, declared
before the Connellsville council or elsewhere, as alleged in the
plaintiff's statement, that he did not acknowledge the said
deed, and if the defendant made this declaration for the sole
purpose of protecting his own interests and of relieving him-
self from what he considered to be the injurious, unintended
and unjust force and effect against himself of the said deed,
at the same time protesting and declaring to the council, that

the deed covered more of his ground than he had ever agreed or intended to convey to the borough, and more than he was willing to convey to the borough; and if the defendant also honestly although mistakenly, believing, that the deed would not, without his acknowledgment, convey the land as described in it; and if the defendant in making the said alleged statements concerning the acknowledgment of the said deed, to the council, had no other purpose or intention than to protect his own interests, to avoid a legal contention, and to induce the council without a lawsuit to rectify the said deed by changing the description in it, as the defendant thought could properly be done, and should honestly be done, the defendant's declarations as alleged in the plaintiff's statement were privileged communications, and the plaintiff cannot recover in this case without proof by the plaintiff, of defendant's express and willful malice towards the plaintiff himself, and without proof, that the defendant's spirit and purpose in using the said words specified in the plaintiff's statement, under the circumstances as shown by the evidence were, as alleged in the plaintiff's inuendo in his said statement, as follows, viz: "a wicked contrivance of the defendant, not only to deprive the plaintiff of his good name, fame and credit, and to bring him into reproach, and to injure and destroy his reputation as a public officer, and to subject him to prosecution and punishment for perjury, infidelity in office and violation of his oath as a justice of the peace." *Answer:* Refused. [7]

*Edward Campbell*, with him *R. P. Kennedy*, for appellant.—The denial of defendant was privileged: Savile v. Roberts, 1 L. Raym. 374; Kramer v. Stock, 10 Watts, 115; Briggs v. Garrett, 111 Pa. 404; Neeb v. Hope, 111 Pa. 145.

*E. C. Higbee*, of *Sterling, Higbee, Dumbauld & Brown*, for appellee.—It is for the court to decide whether the words laid in the plaintiff's statement are capable of the meaning ascribed to them in the inuendo and for the jury to decide whether such meaning was truly applied to them: Leitz v. Hohman, 16 Pa. Superior Ct. 276; Commonwealth v. Keenan, 67 Pa. 203; Pittock v. O'Neill, 63 Pa. 253; Hays v. Brierly, 4 Watts, 392.

Falsehood and the absence of probable cause will amount to proof of malice: White v. Nicholls, 44 U. S. 266.

OPINION BY HENDERSON, J., November 21, 1904:

When the borough of Connelsville was about to open Crawford avenue the defendant appeared at a meeting of the council and stated that the borough authorities had entered upon his land without right and were causing damage to his property. A deed was then exhibited by the clerk of the council which it was alleged had been executed by the defendant and under which the borough claimed the right to occupy the defendant's land included within the lines of the street. The deed purported to have been acknowledged before the plaintiff, a justice of the peace. The defendant denied that he ever executed it in the presence of the plaintiff. Thereupon the plaintiff brought this action for the defamation implied in the defendant's denial. One of the grounds of defense presented at the trial was that the communication was privileged and the assignments of error relate to the charge of the court and the answers to the defendant's points on this subject.

It seems not to have been denied that the defendant appeared at the meeting of the council for the protection of his property and in defense of his rights against what he alleged to be an unwarranted trespass. He came before the body which had control of the subject and whose interference he sought for protection of his interests. It is not shown that he was animated by any other purpose or motive in so doing.

A statement made in good faith relating to a subject in which the person making the communication is interested or in regard to which he has a social or moral duty, when made to one having a like interest or duty, is privileged, and in such case the burden of proof rests on the party claiming to have been slandered to show that the communication was malicious: Toogood v. Spyring, 1 C. M. & R. 181 ; Harrison v. Bush, 5 E. & B. 344 ; White v. Nicholls, 44 W. S. 266 ; Gassett v. Gilbert, 72 Mass. 94; Briggs v. Garrett, 111 Pa. 404. This includes communications bona fide made by the author in the prosecution of his own rights or interests. As to such communication the law does not imply malice from the communication itself.

The plaintiff must satisfy the jury of the existence of actual malice before he is entitled to a recovery.

Whether a communication is privileged or not is a question of law to be determined by the court: Neeb v. Hope, 111 Pa. 145. Whether the defendant was actuated by malicious motives in speaking the defamatory words is a question of fact for the jury. We have no doubt that the language attributed to the defendant was spoken on a proper occasion and upon a subject relating to his property rights in which subject the council was also interested. The defendant was not only not bound to remain silent when confronted with a document, the effect of which was claimed to be the conveyance to the public of a right to use his land, if he honestly believed that he did not execute such a conveyance, but his silence on such an occasion might have raised a presumption of acquiescence in the claim asserted by the borough. If the instrument under which the borough claimed the right to proceed did not have or was not intended to have the effect attributed to it, it was the defendant's right, if not his duty, so to contend when his property was about to be taken under the authority alleged to have been granted. The burden was thereby shifted to the plaintiff to show that the words used were not true and that the defendant uttered them maliciously.

The defendant's claim of privilege was directly raised by the first and third points, of which the defendant was entitled to an affirmance. The learned judge of the court below, as shown in that portion of the charge set forth in the second assignment of error, misapprehended the position of the defendant upon this subject. The jury was therein advised that the defendant relied for his defense on what he claimed to be the truth of his statement that he never acknowledged the deed which was offered or spoken of at the meeting of the council and was instructed that if he did not acknowledge the deed before the plaintiff the verdict should be for the defendant. The jury was further instructed, as set forth in the third assignment of error that if the words spoken were false and the defendant used them in the sense contended for by the plaintiff, the verdict should be for the plaintiff. By the refusal of the first and third points, and this instruction to the jury, the defendant was deprived of one of his defenses and what seems to be his

principal defense under the evidence in the case. He was entitled to the instruction that if he made the denial of the execution of the deed in the honest belief that he had not acknowledged it and with no other purpose than to maintain his own rights and to induce the borough council to protect him therein, the statement so made was privileged and the plaintiff could not recover without proof of actual malice.

If as contended by the plaintiff the relation of the parties, the circumstances attending the publication and the connection of the defendant with the deed negative the claim of good faith and honest belief the jury must nevertheless determine that question under all the evidence.

The second, third, fifth and seventh assignments of error are sustained, the judgment is reversed and a venire facias de novo awarded.