Nagle, Appellant, *v.* Nagle et al., Exrs.

Argued September 24, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harold F. Mook,* with him *Thomas & Thomas,* for appellant.

*J. M. Sherwin,* with him *W. S. Carroll* and *W. P. Gifford,* for appellees.

Opinion by Mr. Justice Schaffer, November 26, 1934:

The trial of this case resulted in a verdict in plaintiff's favor for $150,000. The trial court entered judgment for defendants non obstante veredicto. Plaintiff appeals.

The action was trespass in the nature of libel arising out of the language of the will of Theodore M. Nagle, alleged by plaintiff to be her father, which reads as follows: "(5). I have two children only, viz.: A daughter, Edith A. Nagle, and a son, Bailey B. Nagle; should any other person claim such relationship to me, and claim right to participate in the distribution of my estate, the claim would be a fraud, and I direct that no compromise be entered into, under any conditions or circumstances, with any one claiming such relationship, but such fraudulent claim should be resisted to the last, the money necessary to carry out these instructions, of course, to be paid out of my estate."

It is unnecessary to recite the life history of the testator, or even his marital difficulties, beyond stating that for twenty-seven years there was litigation in four courts during which the testator disavowed his parenthood as to the appellant here, but in the course of which he paid over substantial sums of money in amicable settlements, always reserving the question of paternity, and consistent throughout in his attitude and conviction as to appellant's legitimacy.

The court below entered judgment for defendant on the ground that what was written by testator in his will was privileged. With this we agree. The reasons for this conclusion are so convincingly stated in the opinion of the able judge who specially presided at the trial that we adopt them as our own: "For a great part of the time from the birth of the plaintiff until the testator's death he was engaged in contesting claims made against him for the support of a child who he continuously protested was not his own for reasons amply sufficient to warrant him in the belief that he had the right so to protest. He doubtless felt that he had dealt more than justly and very

generously with the claims so made against him and that he had provided with great liberality for a child who he had every reason to believe was not his flesh and blood. The persistence of the claims made against him in his lifetime afforded him sound reasons for believing that such claims would be made against his estate after his death. In what manner the claims might be pressed he could only surmise. They might have been made on the ground of his alleged mental incapacity at the time of making his will, on the ground of alleged undue influence or otherwise. However made and with however little appearance of justice, they might have seemed to his executors, in the absence of testamentary injunction, a proper ground for compromise and settlement, thus subjecting his estate, in effect, to demands which he felt to be unjust. It is true that he could have disinherited the plaintiff by merely failing to mention her in his will but he doubtless felt that something more than this was necessary to protect his estate against the anticipated demands. Under such circumstances we believe he had unquestionably the right to instruct his executors as he did, and it is apparent from a reading of the questioned paragraph of the will that he endeavored to make his instruction to his executors as little objectionable to the plaintiff as possible since he omitted even the mention of her name from the paragraph. A will is the foundation of a judicial proceeding, the administration of the estate in the orphans' court. It is closely analogous to a plaintiff's statement in a civil action in the respect that it is the beginning of a judicial proceeding. We believe that the rule which makes the pleadings in a judicial proceeding absolutely privileged may properly be applied to a will in which there is no apparent purpose to injure the reputation of any one but merely a purpose to insure the distribution of the testator's estate to his intended beneficiaries and to protect it from possible claims of persons whom he does not desire to share in the distribution. In Kemper v. Fort, 219 Pa. 85, the matter of privilege is

elaborately discussed. It is there said (page 94) 'Where the question of the relevancy and pertinency of matters alleged in pleadings is to be inquired into, all doubt should be resolved in favor of relevancy and pertinency. In the present case the averment of illegitimacy was clearly pertinent. The testator, Thomas W. Price, directed that, upon the death of his daughter, the income for awhile, and ultimately the principal, should go to her "issue," to her "children." That under the common law these words mean legitimate issue and children, cannot be questioned, and the testator is presumed to have so used them.' In this case it was not the testator but the executors who found it necessary, in the administration of the decedent's estate, to allege the illegitimacy of one who claimed to be a daughter. If the executors under such circumstances, in the performance of their duties as executors, may, with impunity, allege the illegitimacy of a claimant, it is difficult to see why the testator himself, foreseeing the claim of a pretended child, may not caution his executors to defend his estate against such a claim. In 36 Corpus Juris, page 1251, it is said: 'In the United States, according to the weight of authority, in order that defamatory words, published by parties, counsel, or witnesses, in the due course of a judicial procedure, may be absolutely privileged, they must be connected with or relevant or material to, the cause in hand or subject of inquiry. If they are so published and are so relevant or pertinent to the subject of inquiry, no action will lie therefor, however false or malicious they may in fact be.' Communications are privileged: '(1) Where the circumstances of the occasion cast upon the defendant the duty of making a communication to a certain other person to whom he makes such communication in the bona fide performance of such duty. (2) Statements made for the protection of private interests. (3) Where the defendant has an interest in the subject-matter of the communication, and the person to whom he communicates it has a corresponding interest': Newell on Slander and

Libel, 4th ed., page 415. 'A statement made in good faith relating to a subject in which the person making the communication is interested or in regard to which he has a social or moral duty, when made to one having a like interest or duty, is privileged, and in such case the burden of proof rests on the party claiming to have been slandered to show that the communication was malicious': Echard v. Morton, 26 Pa. Superior Ct. 579. 'We venture, with much hesitation, to suggest the rule as to privilege to be: One may publish, by speech or writing, whatever he honestly believes is essential to the protection of his own rights, or to the rights of another, provided the publication be not unnecessarily made to others than to those persons whom the publisher honestly believes can assist him in the protection of his own rights, nor to others than those whom he honestly believes will, by reason of a knowledge of the matter published, be better enabled to assert, or to protect from invasion, either their own rights, or the rights of others entrusted to their guardianship': Townsend on Libel and Slander, page 301. 'The protection which is accorded to a pleading extends to every other proceeding in a civil action, and therefore for anything contained in an affidavit or other proceeding made in the course of an action or proceeding, no action for libel can be maintained': Id. 335. 'The right to publish all that one may honestly consider necessary for the maintenance and protection of his rights is not confined to proceedings in a court of justice; it extends to every occasion upon which one is called upon to defend himself from any charge against him': Id., page 345."

In the situation which this record discloses, the action of the testator in putting in his will the particular language he used was a privileged one.

The judgment is affirmed.