## Cooney v. Pierce

*Frank L. Martin*, for plaintiff.

*Harold A. Scragg* and *O'Malley, Hill, Harris & Harris*, for defendant.

LEWIS, J., December 20, 1937.—The plaintiff brought suit in an action of trespass in slander against the defendant under the following circumstances: The defendant was called as a witness before a referee in bankruptcy in the Federal Court of the United States. The bankrupt was the Scranton Coal Company, a corporation. The defendant was being examined under section 21 (*a*) of the Bankruptcy Law of July 1, 1898, 30 Stat. at L. 544. In the course of the examination the following questions were asked.

"Q. Did you make a report on the Scranton Coal Company properties in April 1932?

"A. I did.

"Q. You submitted that report to the then president of the Scranton Coal Company?

"A. Yes and he stole that report from the Scranton Coal Company.

"By Mr. Pierce: If the court please I would like Mr. Cooney to be subpœnaed in this case. If there are any subpœnas to be issued I would ask that Mr. Cooney be subpœnaed so he can testify to that."

Plaintiff alleges that when the defendant answered the question asked by counsel, the answer of the defendant constituted a slander upon the plaintiff in that he charged the plaintiff with having committed the crime of larceny. The defendant filed a demurrer to the statement of claim and in support of said demurrer contends that the answer made by the defendant to the question asked of him by counsel in a judicial proceeding, and while the defendant was a witness in said proceeding, was absolutely privileged; therefore, the statement of claim fails to set forth a cause of action and should be dismissed.

The question before the court therefore resolved itself into whether or not the witness testifying under oath is liable in an action of slander for what he may say in said judicial proceedings. In other words, was the witness absolutely privileged in his utterance to exempt him from liability in an action of slander? We have examined the question with a great deal of care and are unable to find any case in Pennsylvania which has squarely ruled upon the question as to the extent to which the testimony of a witness given in a legal proceeding is privileged.

The cases of Kemper v. Fort, 219 Pa. 85 (1907), and Nagle v. Nagle et al., Execs., 316 Pa. 507 (1934), were decided at the end of a trial and not upon a demurrer. We will treat this case as a case of first impression. Therefore, it will be necessary to consider the rule as laid down in textbooks and decisions of numerous courts in the United States and in England. We will cite a case that arose in our county, being the case of I. H. Burns v. Cornelius Smith et al., in 2 Lack. L. N. 78, 88, wherein the late President Judge Edwards ruled as follows:

"Defendants except to the award for the further reason that the plaintiff's declaration sets forth no cause of action, and that therefore the award should be set aside. The declaration charges a malicious libel and that this libel was printed in pamphlet form and published in the City of Scranton and in the City of Philadelphia. A copy of the alleged libel is set forth in full. It appears to be a petition addressed 'To the Honorable, the Judges of the Supreme Court of Pennsylvania.' Of course, it does not appear from the declaration whether the petition was presented to the honorable body to which it is addressed. Although outside the record, we may presume that it was. The defendants' contention is that the petition is upon its face absolutely privileged. We do not see how we can be called upon now to decide this question of privilege. At the same time, we think it proper to advert briefly to this phase of the case. It seems to be settled by the English authorities that judges, counsel, parties and witnesses, are absolutely exempted from liability to an action for defamatory words published in the course of judicial proceedings. This doctrine is qualified in the American courts as to parties, counsel and witnesses to the extent that their statements made in the course of an action must be pertinent and material to the case. As Shaw, C. J., of Massachusetts, says in Hoar v. Wood, 3 Met. 193: 'This privilege must be restrained by some limit; and we consider that limit to be this; that a party or counsel shall not avail himself of his situation to gratify private malice by uttering slanderous expressions, either against a party, witness or third person, which have no relation to the cause or subject matter of the inquiry.' Lord, J., in McLaughlin v. Cowley, 127 Mass., on page 319, also says:

" 'The qualification of the English rule is adopted in order that the protection given to individuals in the interest of an efficient administration of justice may not be abused as a cloak from beneath which to qualify private

malice.' We think that the modification of the English doctrine made by our American courts is wise, beneficent and sufficiently conservative."

We believe that is the true rule in Pennsylvania. In examining the case of Kemper v. Fort, supra, this case was one where the plaintiff claimed that certain statements made in a proceeding in a law suit were actionable. The Supreme Court, Brown, J., reviewed at length English cases, pointing out that in England under their rule the language was not actionable. He then cites various decisions in the various State courts showing that the rule is different, and finally at page 93 makes the following statement:

"We are inclined to the view that, for false and malicious defamatory allegations appearing in pleadings filed in a court having jurisdiction of what is set forth in them, there is absolute immunity from a suit for libel at the instance of the defamed party only when the defamatory words are relevant and pertinent to the matter or matters to be inquired into by the court; but whether this rule or that of absolute immunity is the correct one, we are not called upon to decide in this case, for the authorities, though differing as to when immunity is absolute, are uniform that when alleged libelous matter in pleadings is relevant and pertinent, there is no liability for uttering it."

This statement, while a dictum by the court, shows the trend of the Pennsylvania courts on matters which are not relevant and pertinent to the particular matters in issue.

A further reference is made to the case of Lightner v. Osborn, 142 Va. 19, 127 S. E. 314. An examination of this case will show that it was an injunction proceeding to restrain the defendant from engaging in a certain business alleged to be in breach of his contract with the plaintiff. In the course of the plaintiff's testimony he said the defendant, during the course of his employment, was

short in his accounts (oral testimony to that effect). The Virginia court held that these words were actionable, quoting Newell on Slander and Libel (2d ed.), page 425, as follows:

" 'The Privilege is Limited, and that limit is this: That a party or counsel shall not avail himself of his situation to gratify private malice by uttering slanderous expressions, either against a party, witness or third person, which have no relation to the cause or subject-matter of the inquiry.' "

We will now proceed to examine the words in the instant case which are alleged to be actionable and the circumstances under which they were uttered. The defendant was being examined under section 21 (*a*) of the Bankruptcy Act, supra. This is a clause in the Bankruptcy Act giving any interested party the right to summon witnesses before a referee in bankruptcy and examine them concerning the acts, conduct and business of the bankrupt. The witness was asked the following questions:

"Q. Did you make a report on the Scranton Coal Company properties in April 1932?

"A. Yes.

"Q. You submitted the report to the then president of the Scranton Coal Company?

"A. Yes and he stole that report from the Scranton Coal Company."

The president of the Scranton Coal Company at the time referred to was the plaintiff, James L. Cooney. We are of the opinion that the words "and he stole that report from the Scranton Coal Company" were not responsive to the last question asked, and the same was a gratuitous statement on the part of the defendant. The words uttered by the defendant imputed a crime and are actionable per se. No authorities are necessary to be cited on that point. Testimony, although given in a judicial proceeding, has its bounds and limits. The plaintiff in the

ninth paragraph of the statement of claim sets forth as follows:

"That the said defendant knew the said statements and answers as aforesaid were false, scandalous, malicious and untrue."

The defendant demurred to the statement, and hence, all relevant matter contained therein must be taken to be true. The sufficiency of the statement is the only question before us. The plaintiff has charged that the words uttered were malicious, and on the demurrer the question cannot be determined; the cause must be sent to a jury.

Now, December 20, 1937, demurrer filed to the statement of claim is overruled.