Williams *v.* Kroger Grocery & Baking Company, Appellant.

Wells *v.* Kroger Grocery & Baking Company, Appellant.

Argued September 29, 1939; reargued November 28, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

18

*Carl E. Glock*, with him *Reed, Smith, Shaw & McClay*, for appellant.

*Samuel G. Wagner*, with him *Leo A. Nunnink*, for appellee.

OPINION BY MR. JUSTICE DREW, January 2, 1940:

Plaintiffs brought separate actions of trespass for slander which were consolidated for trial, as both grew out of the same set of circumstances. Verdicts in favor of each plaintiff in the sum of $500 were returned, but, on defendant's motions, the court en banc entered judgments n. o. v. Upon appeals to the Superior Court, said judgments were reversed and the records remitted to the court below that judgments might be entered on the verdicts in favor of plaintiffs. Thereafter, on defendant's petition, appeals to this Court were allowed.

Plaintiff Wells was employed by defendant, while plaintiff Williams hauled defendant's rubbish under contract. Lindsay, defendant's warehouse superintendent, accused Wells in front of one Booker, an employee of Williams, of having stolen butter from the warehouse and at the same time accused Williams of having received the stolen goods. On this state of facts the court

en banc determined that Lindsay had acted under the protection of a defeasible immunity, which had not been avoided by plaintiffs. The Superior Court, however, found that defendant had not established the defeasible immunity, holding that such a defence was an affirmative one consisting of several elements, one of which (probable cause) defendant had not proved.

In an action of defamation defendant has the burden of proving that the circumstances under which he published the defamatory matter were such as to create a defeasible immunity: *Hartman v. Hyman & Lieberman,* 287 Pa. 78, 83; *Montgomery v. New Era Printing Co.,* 229 Pa. 165, 167; Restatement of the Law of Torts, Vol. 3, sec. 613 (2b). It is the province of the court to determine whether defendant has met the burden of proof. If the facts are in dispute, the jury is called upon to consider the evidence and to pass upon the issues thus raised. It is for the court, however, to decide whether the facts found by the jury gave rise to this immunity *(McGaw v. Hamilton,* 15 Pa. Superior Ct. 181, 188), or to instruct the jury as to what they must find in order to hold that defendant is protected: Restatement of the Law of Torts, Vol. 3, sec. 619 (1).

The principle upon which the doctrine of defeasible immunity rests is that the public interest and the advantage of freedom of publication, in each particular class of cases thus protected, outweigh the occasional private and personal damage thereby caused. It is deemed in certain classes of cases more advantageous for the community at large that particular individuals should occasionally be damaged with impunity, than that men under the exceptional circumstances should not be at liberty to speak and publish what they reasonably believe to be true, although it may be defamatory of the character of individuals. Or as it is expressed in some cases, "A statement made in good faith relating to a subject in which the person making the communication is interested or in regard to which he has a social

or moral duty, when made to one having a like interest or duty, is privileged . . .": *Nagle v. Nagle,* 316 Pa. 507, 512; *Echard v. Morton,* 26 Pa. Superior Ct. 579, 582; Restatement of the Law of Torts, Vol. 3, sec. 595 (1).

In view of the established law as outlined above, an analysis of the facts of the instant case clearly shows that there was no defeasible immunity involved here. It is obvious that if Lindsay had made his remarks to the person alone whom he accused, there would not have been a slander, since no other person would have been present to hear and to comprehend them: Restatement of the Law of Torts, Vol. 3, sec. 577; Harper, Law of Torts (1933), sec. 236, at p. 500; see *Donnelly v. Publishers of the Public Ledger,* 2 Phila. Reports 57, 58. Therefore, in determining whether the circumstances gave rise to a defeasible immunity, our inquiry should be directed to ascertaining the relationship between Lindsay and Booker. Lindsay clearly had a social and moral interest in the subject of the remarks. But did Booker? Patently he did not. Booker had no legitimate interest in being told Lindsay's suspicions, nor was there any necessity whatsoever for Lindsay to make the statement in front of Booker.

Where a crime is imputed by the spoken language, the court must determine whether the crime is of such a character as to make the slander actionable per se: Restatement of the Law of Torts, Vol. 3, sec. 615 (1). Here the crimes imputed were larceny as to Wells and the receiving of stolen goods as to Williams, indictable offenses punishable by imprisonment. Hence the slander was actionable per se *(Lukehart v. Byerly,* 53 Pa. 418, 420; *Beck v. Stitzel,* 21 Pa. 522, 525; Restatement of the Law of Torts, Vol. 3, sec. 571), and no immunity existing, the jury properly awarded damages to plaintiffs.

Orders of the Superior Court affirmed; costs to be paid by appellant.