## CAMPBELL v. WILLMARK SERVICE SYSTEM, Inc.

### No. 7709.

Circuit Court of Appeals, Third Circuit.

Decided Oct. 29, 1941.

Robert A. Henderson, of Altoona, Pa., for appellant.

Arthur H. Bernstein, of New York City (Horowitz & Bernstein, of New York City, on the brief), for appellee.

Before BIGGS, CLARK, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

In this action for defamation plaintiff had a verdict in the court below which was set aside by the trial judge and judgment entered for the defendant. From this order the plaintiff appeals.

The plaintiff was an employee of a corporation which owned and operated chain stores in Pennsylvania and was employed by the owner as a sales clerk. The defendant is a corporation employed by the owner of the stores to inspect their operation and to report to the owner's offices the results of their investigation. The defendant sent a supervisor and helpers on this inspection work. Part of the undertaking was for the helpers to purchase articles in a store and to observe the conduct of the

clerks therein. On November 1, 1939, one of the defendant's shoppers made a purchase in the store in Hollidaysburg, Pa. from the plaintiff. The shopper testified that the plaintiff violated store rules by not recording on the cash register the full amount of the sale. This was reported by the shopper to the supervisor who made out a written report concerning the matter. Following this, another of the defendant's shoppers made purchases from the plaintiff and made a report of a similar infraction of rules plus an additional violation in delivering goods to the customer before having recorded the sale on the cash register. Another violation report was made as in the first instance. The supervisor reported to the store manager that the plaintiff had broken store rules. The evidence does not disclose the exact nature of this report. The supervisor also had a conversation with the plaintiff and, according to her testimony, accused her of stealing her employer's money. No one else was present at this interview. Subsequently the plaintiff left the owner's employ. Whether she was discharged or whether she left voluntarily is a matter of dispute. The report of this supervisor was then sent by him to the defendant's office in New York.

 From these facts there are four occurrences which might lay the basis for a defamation action. The conversation between the plaintiff and the defendant's supervisor when they were alone cannot, however, be grounds for a law suit for defamation because no third party was present.[1] With regard to the other publications, assuming for the moment that they were defamatory and otherwise actionable, there is a conditional privilege to protect the defendant in each instance. This is equally true whether the publication was made between persons engaged in the defendant's employ with regard to the subject-matter of their common business[2] or a report by the defendant to the store manager concerning the business of the owner of the store.[3]

 Indeed, even without the defense of privilege it is doubtful whether there could be any recovery with regard to the publications which took place in Pennsylvania. The liability for those is, of course, governed by the Pennsylvania law and the decision of the Supreme Court of Pennsylvania in Pittsburgh, A. & M. Pass. Railway Co. v. McCurdy, 1887, 114 Pa. 554, 8 A. 230, 60 Am.Rep. 363 seems very strong against the plaintiff.[4] The decision has been subsequently limited in Pennsylvania.[5] But until it is overruled it is authority for us in cases where the facts are not distinguishable.

██ ██ The report sent by the defendant's supervisor to the home office was published in New York where received by employees there.[6] Possibly it could be argued that it charged the plaintiff with theft inasmuch as it reported three rings of five cents each on the cash register for a twenty-five cent purchase. But the making of the report is clearly a privileged occasion on the grounds already indicated.[7]

 There is no possibility of recovery, therefore, unless the defendant's conditional privilege has been lost by abuse. One may lose a conditional privilege if he does not act for the purpose of protecting the particular interest for the protection of which the privilege is giv-

---

[1] "It is obvious that if Lindsay had made his remarks to the person alone whom he accused, there would not have been a slander, since no other person would have been present to hear and to comprehend them." Williams v. Kroger Grocery & Baking Co., 1940, 337 Pa. 17, 10 A.2d 8, 9. Accord: Restatement, Torts § 577.

[2] McDonald v. Lee, 1914, 246 Pa. 253, 92 A. 135, L.R.A.1916B, 915; Restatement, Torts § 596.

[3] Williams v. Kroger Grocery & Baking Co., 1940, 337 Pa. 17, 10 A.2d 8; Restatement, Torts § 595(1).

[4] In that case the notice posted in the waiting room of the defendant stated: "H. B. McCurdy has been discharged for failing to ring up all fares collected. Discharged employés are not allowed to ride on employés' tickets." The court said that failure to ring up all the fares collected does not imply fraud or dishonesty by the conductor.

[5] Thus in Boyer v. Pitt Pub. Co., 1936, 324 Pa. 154, 188 A. 203, 204, it is said: "Whatever justification this decision has must be sought in the fact that the publication was not made to the general public but only to the employees of the company * * *."

[6] Restatement. Conflict of Laws § 377, Note 5.

[7] See Metropolitan Life Ins. Co. v. Knickerbocker Broadcasting Co., Inc., 1939, 172 Misc. 811, 15 N.Y.S.2d 193.

en. Restatement, Torts § 603.[8] The privilege of publication in this instance would have been lost had the defendant's supervisor been actuated solely by spite or ill-will to the plaintiff instead of the promotion of his employer's interests. But there is evidence that the plaintiff and the supervisor had never seen or known of each other before the incidents here in question. The one piece of evidence upon the question of improper motive is the conversation which took place between the plaintiff and the supervisor, unattended by other witnesses, in the storeroom of the owner's place of business. According to the plaintiff's version of this conversation the supervisor went very far in threats and promises in an endeavor to secure a confession of theft from the plaintiff. Even if the testimony is fully believed, however, it shows, not a departure by the supervisor from his line of duty, but a very unfortunate overzealousness on his part in pursuing the business of his employer. His conduct, if it took place, is not to be condoned, but it does not establish evidence on which an abuse of the privileged publication to his employer may be found.

The judgment of the District Court is affirmed.

8 This proposition is commonly, though somewhat loosely, expressed in the statement that a conditional privilege is lost by malice. 36 C.J. 167.