Rankin, Appellant, *v.* Phillippe.

Argued March 16, 1965. Before WATKINS, MONT-GOMERY, JACOBS, and HOFFMAN, JJ. (ERVIN, P. J., WRIGHT and FLOOD, JJ., absent).

*Victor J. Roberts,* with him *High, Swartz, Roberts & Seidel,* for appellant.

*Desmond J. McTighe,* with him *Edward F. Hitch-cock, John R. Graham, Henry W. Maxmin, Philip D. Weiss,* and *Duffy, McTighe and McElhone,* for appellees.

OPINION BY WATKINS, J., June 17, 1965:

This is an appeal from an order of the Court of Common Pleas of Montgomery County denying a motion to take off the compulsory nonsuit granted the defendants-appellees, Rev. William Phillippe, Rev. John Magill and Richard Messmer, in a trespass for libel action brought by James L. Rankin, the plaintiff-appellant.

The appellant is a member of the bar of Delaware County and an ordained elder of the Third Presbyterian Church of Chester, Pennsylvania. The appellees were appointed by the Presbytery of the United Presbyterian Church in the United States of America as members of an Administrative Commission to deal with certain controversies within the Chester Church. The appointment of the Commission was at the request of the Chester Church and the Presbytery gave the Commission "the power of investigation, report, and such administrative power as in the judgment of the Commission is necessary to order whatever pertains to the spiritual welfare of the Third Church".

A written report of the investigation was made at a meeting attended by the members of the Presbytery and some of the members of the Chester Church. The report read in part:

"A check to be used as a down payment in securing an option was sent to Mr. Rankin, who informally has represented the church in many legal matters, and in spite of an adequate amount of time in the matter of consummating this transaction, the lot was sold to another bidder, and the church lost its opportunity for a relocation to the lot chosen. . . .

"It is the opinion of the majority of the members of the Session that in each of these specific situations the influence and the activity of Mr. Rankin were being exercised to a degree that added to the tensions already felt in the life of the church. . . .

"It is to be lamented, however, that he had not always been an outgoing Presbyterian in his churchmanship and has too often acted independently, rather than showing a reliance upon the more democratic procedures of the judicatories of our denomination; that he knowingly or unknowingly has caused some to fear the possibility of recriminatory actions on his part, and that he has evidenced an opinionated and an unbending

disposition in many areas of the church's life, to the extent that his personal will has been imposed upon the congregation. . .".

The appellees later mailed letters enclosing the exact copy of the report to more than four hundred members of the Third Presbyterian Church. The appellant, who is the "Mr. Rankin" referred to in the report brought his suit based on the alleged defamatory language contained in the report. At the outset, it should be pointed out that the appellant complains that the court erroneously ruled, in granting the nonsuit, that the publication of a defamatory statement by an ecclesiastical commission is immune from judicial review. This would amount to a ruling of absolute privilege, while the decision of the court below was based on a conditional privilege. The court below did not so rule but in granting the nonsuit stated that there was a strong public policy against civil jury trials of matters arising out of the internal controversies of a church after the adjudication of such controversies according to ecclesiastical law in the absence of clear and compelling reasons for such civil intervention. *Com. ex rel. v. Stauffer*, 289 Pa. 139, 137 A. 179 (1927); *St. Mary's Im. Con. Gr. Cath. C. Petition*, 296 Pa. 307, 310, 145 A. 862 (1929).

The question of privilege was raised by the facts that were pleaded and the plaintiff's testimony clearly showed that the publication in question was made on a conditionally privileged occasion. "An occasion is conditionally privileged when the circumstances are such as to lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know." Restatement, Torts, §596. "The common interest of members of religious, fraternal, charitable or other nonprofit associations, whether incorporated or unincorporat-

ed, is recognized as sufficient to support a privilege for communications among themselves concerning the qualifications of the officers and members and their participation in the activities of the society." Comment d under the above section of the Restatement.

The defense of privilege in cases of defamation "rests upon the . . . idea, that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation." *Montgomery v. Philadelphia*, 392 Pa. 178, 181, 140 A. 2d 100 (1958); Prosser, Torts §607 (2nd ed. 1955). It follows that in the instant case all of the members of the Chester church had a common interest in the controversies that occasioned the appointment of the ecclesiastical commission and its report. As the court below said: "Thus, the conditional privilege extends to the members of the Third Presbyterian Church, all of whom had a very real interest in the resolution of problems which had involved the handling of the church's affairs. Publication could only have been excessive if it had been made to persons who did not have a common interest, and no such publication was made. As noted above it is the duty of the court, not the jury, to rule on the question of conditional privilege, and, by definition, the conditional privilege in this case extended to those in the Third Presbyterian Church. Publication to these members could not have been an abuse of that privilege." The court properly determined, as a matter of law, that the communication was conditionally privileged.

The court determines whether the occasion upon which the appellees published the defamatory matter was privileged. Restatement, Torts, §619; *Williams v. Kroger Grocery & Baking Co.*, 337 Pa. 17, 10 A. 2d 8 (1940); *Montgomery v. Dennison*, 363 Pa. 255, 69 A.

2d 520 (1949); *Sciandra v. Lynett,* 409 Pa. 595, 187 A. 2d 586 (1963).

The evidence supports the court's finding that the report was conditionally privileged. "One relying on the rule of privilege for uttering defamatory statements must establish all facts necessary to bring himself within the rule, that is, that the communication was one made on a proper occasion, from a proper motive, in a proper manner, and based on a reasonable or probable cause." 22 P.L.E. §31, page 246. *Morgan v. Bulletin Co.,* 369 Pa. 349, 85 A. 2d 869 (1952). Here, however, the appellant, by the facts as pleaded and his own testimony made out in his case in chief the conditional privilege.

Where a conditional privilege is evidenced, as here, from the plaintiff's case, the plaintiff will be nonsuited unless he can prove the abuse of that privilege. The nonsuit was granted because no evidence was presented by the appellant from which the jury could reasonably find that there was an abuse of the conditionally privileged occasion. When the abuse of privilege is raised the burden is on the appellant to prove it. "In an action for defamation, the plaintiff has the burden of proving when the issue is properly raised: . . . (g) Abuse of a conditionally privileged occasion." Act of August 21, 1953, P. L. 1291 §1, 12 PS §1584 A.

The appellant finally contends that the court below erred in excluding the evidence that another report was filed by the appellees recommending the suspension of the appellant from office in the church; and in excluding evidence of a statement of retraction which the appellees prepared and then refused to publish. We adopt the answer of the court below to these contentions.

"The plaintiff argues that the evidence concerning his suspension was admissible to show malice on the part of the defendants. Without evidence to show that his suspension was unjustified, no inference of malice

could reasonably be made. Even if this evidence does indicate malice on the part of the defendants it would not improve the plaintiff's position in arguing that the nonsuit should be taken off. The nonsuit was granted because there was no abuse of a conditionally privileged occasion. If the occasion of the publication in question was conditionally privileged, and there was no abuse of the occasion, there is no liability regardless of the ill will of the publisher. If the publication is made for a proper purpose 'the fact that the publication is inspired in part by resentment or indignation at the supposed misconduct of the person defamed does not constitute an abuse of the occasion'; Restatement, Torts, §603, Comment a. The plaintiff also argues that the statement of retraction prepared by the defendants and their subsequent refusal to publish that statement should have been admitted to show lack of reasonable grounds to believe in the truth of the defamatory matter and to show malice. This retraction was prepared as part of settlement negotiations between the parties and was withdrawn when the plaintiff refused to sign the settlement agreement of which the retraction was a part. An offer of settlement is not admissible. As noted in the defendants' brief, this retraction, as part of a settlement offer, is no more admissible than would be an offer of a cash settlement."

Order affirmed.

ERVIN, P. J., WRIGHT and FLOOD, JJ., took no part in the consideration or decision of this case.