## Rauch v. Spotts

*Gary T. Harris,* for plaintiff.
*Lester L. Greevy, Jr.,* for defendant.

*EN BANC,* SMITH, RAUP, BROWN, *JJ.,* April 15, 1993—

### FACTUAL BACKGROUND

The plaintiff filed a complaint against the named defendants, alleging defamation. At the trial of the case, the trial judge granted a directed verdict in favor of defendants Charles Miller, Jane Miller, and Manor Health Care Corporation. The sole issue that went to the jury was whether the statements made by defendant Cindy Spotts about the plaintiff were defamatory. The jury returned a verdict in favor of the plaintiff, finding Ms. Spotts liable in the amount of $54,396.69. Following the verdict, numerous post-trial motions were filed by the parties. Included in these motions was defense counsel's request that the motions be heard by the court en banc.

### DISCUSSION

Upon consideration of the briefs filed by the parties and after argument, the court finds that the question of whether Cindy Spotts is entitled to an absolute privi-

lege when reporting suspected patient abuse is the sole issue appropriate for consideration by the court en banc. Therefore, that is the only issue which will be addressed in this opinion. The trial judge will rule on all other issues.

The defendant makes several arguments in support of her position that she should be entitled to an absolute privilege when reporting suspected patient abuse. First, she points to the federal O.B.R.A. (Omnibus Budget Reconciliation Act), which requires nursing home employees to report suspected abuse of patients to their superiors. Under the Act, nursing home supervisors are required to investigate allegations of patient abuse and make reports on their investigations to state enforcement bodies. Additionally, the Act provides that failure to report these incidents of abuse can result in penalties against nursing homes. The defendant contends that if nursing home employees believe that reporting suspected patient abuse could subject them to the possibility of a lawsuit, these employees will be discouraged from reporting such abuse and therefore, the intent of O.B.R.A. will be frustrated. Essentially, the defendant contends that when the law imposes on an individual the duty to report, it must also relieve that individual from any jeopardy resulting from that report.

The defendant also points to state statutes which provide immunity to persons who report abuse under certain circumstances. These statutes include the Older Adult Protection Services Act, 35 P.S. §102.11 et seq., specifically, §10215(d) of the Act, which discusses immunity when making a report pursuant to the Act.

Additionally, the defendant points to the Child Protective Services Act, 23 P.S. 60 §6301 et seq., in particular §6318, which again discusses immunity from liability when making a report pursuant to the Act.

Defendant contends that these statutes indicate an intent on the legislature's part to encourage the reporting of abuse as well as providing protection for those who make such reports. The defendant's position is that protection in the form of an absolute privilege is necessary under circumstances such as those presented in the instant case.

The plaintiff makes several arguments in response. To begin with, the plaintiff notes that O.B.R.A. was not in effect at the time of the incident giving rise to the suit and that the statute does not contain an absolute privilege for those who report suspected abuse. As to the Older Adult Protective Services Act, the plaintiff points out that the section of that statute which addresses immunity from liability does not grant absolute immunity. 35 P.S. §10215(d) states:

"Immunity—Any person participating in the making of a report or who provided testimony in any administrative or judicial proceeding arising out of a report shall be immune from any civil or criminal liability on account of the report or testimony *unless the person acted in bad faith or with malicious purpose. ...*" (emphasis added)

Plaintiff contends that this grants no more than a conditional privilege similar to the one which is applicable to the defendants in the instant case.

As to the Child Protective Services Law, the plaintiff again points out that no absolute privilege or immunity is granted by that statute. Section 6318 of the Child Protective Services Law states:

"(A) General Rule. A person, hospital, institution, school, facility or agency participating in good faith in the making of a report, cooperating with an investigation or testifying in a proceeding arising out of an instance of suspected child abuse, the taking of pho-

tographs or the removal or keeping of a child pursuant to section 6315 (relating to taking child into protective custody) shall have immunity from any civil or criminal liability that might otherwise result by reason of those actions

(B) Presumption of good faith. For the purpose of any civil or criminal proceeding, the good faith of a person required to report pursuant to section 6311 (relating to persons required to report suspected child abuse) shall be presumed."

Again, the plaintiff points out that this statute merely creates a presumption of good faith but does not provide a person making a report of suspected child abuse with an absolute privilege or immunity.

The plaintiff also points to testimony given by the Pennsylvania Health Care Association to the state legislature with respect to the granting of immunity for persons who report suspected abuse. The plaintiff points out that the P.H.C.A., which is an association concerned with the interests of health care providers, stated with regard to a proposed immunity section:

"The immunity section of the bill provides immunity to all ombudsmen and to persons reporting or testifying in abuse cases. Consistent with the overall legislation, these provisions, while they have merit, create a scenario where a host of potential problems can occur related to disgruntled employees and other acts that represent tension between employees and management. To balance this item, one needs to appreciate the emotionality of abuse charges, and consider the profound negatives that are directed at the accused, even when they are found not guilty." "PHCA Flash," attached as Exhibit F in defendant's brief in support of motion for summary judgment.

Plaintiff argues that these concerns with respect to disgruntled employees and the serious negative effect that such charges can have, even when they ultimately prove to be untrue, exists equally in the case of a falsely accused employee such as in the instant case.

Additionally, the plaintiff points to the Health Care Facilities Act, 35 P.S. §448.806(a), which provides immunity to persons making reports pursuant to the Act, so long as those persons act in good faith and without malice when making a report.

The plaintiff concludes by saying that the legislature has been presented with the opportunity on numerous occasions to afford those persons making reports of suspected abuse absolute immunity or privilege from the liability arising from the making of such report, and yet it has not created such a privilege. The plaintiff argues that it is not the role of the court to substitute its judgment for that of the legislature and create an absolute privilege in the instant case.

After considering the arguments of the parties, this court declines to create an absolute privilege from liability as requested by the defendant. The parties stipulated to and the court recognized that there exists a conditional privilege in favor of all of the defendants in this case. The Restatement of Torts (Second), discusses both the nature of this privilege and the circumstances under which the privilege can be abused:

*"Protection of the Publisher's Interest*

An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that

(a) there is information that affects a sufficiently important interest of the publisher, and

(b) the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest."

Section 595 of the Restatement further elaborates on the circumstances under which a publication is to be conditionally privileged:

*"Protection of Interest of Recipient or a Third Person*

(1) An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that

(a) there is information that affects a sufficiently important interest of the recipient or a third person, and

(b) the recipient is one to whom the publisher is under a legal duty to publish the defamatory matter or is a person to whom its publication is otherwise within the generally accepted standards of decent conduct."

Section 600 of the Restatement discusses when a conditional privilege is abused:

*"Knowledge of Falsity or Reckless Disregard as to Truth*

Except as stated in section 602, one who upon an occasion giving rise to a conditional privilege publishes false and defamatory matter concerning another abuses the privilege if he

(a) knows the matter to be false, or

(b) acts in reckless disregard as to its truth or falsity."

The Pennsylvania Superior Court has further elaborated on when a conditional privilege is abused in *Geyer v. Steinbronn,* 351 Pa. Super. 536, 506 A.2d 901 (1986), where the court addressed the propriety of the trial court's instruction concerning the abuse of the conditional privilege:

"To the extent that Point 10 is a request for an instruction that 'reckless or wanton disregard of plaintiff's

rights' or negligence ('want of reasonable cause to ascertain the truth or falsity of the statement') are required to show abuse of a conditional privilege, this subject was adequately and correctly covered in the court's charge." *Id.* at 555, 506 A.2d at 911. (citations omitted)

In *Beckman v. Dunn,* 276 Pa. Super. 527, 537, 419 A.2d 583 (1980), the Superior Court again stated the circumstances under which an abuse of the privilege occurs:

"Abuse of a conditional privilege is indicated when the publication is actuated by malice or negligence, *Baird v. Dun & Bradstreet, Inc., supra* [446 Pa. 266, 285 A.2d 166 (1971)], is made for a purpose other than that for which the privilege is given, *Rankin v. Phillippe, supra* [206 Pa. Super. 27, 211 A.2d 56 (1965)], or to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege, *id.,* or includes defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose. See Restatement (Second) Torts, §599 (1976)." *Id.* at 537, 419 A.2d at 588. (footnote omitted)

As these cases indicate, Pennsylvania law has determined that a conditional privilege is abused not only when the statements are made with malice or in reckless disregard as to their truth or falsity, but also when the statements are negligently made.

The conditional privilege affords the defendants significant and appropriate protection from liability. However, it does not protect the defendants where the statements were made negligently, in reckless disregard as to their truth or falsity, or with a malicious purpose. This court is aware of and appreciates the necessity of providing protection to those persons who report suspected patient abuse to the proper authorities. However, this court is not prepared to provide absolute pro-

tection to those persons who make such reports with a malicious intent or in negligent disregard of whether the report is accurate. If such an absolute protection is warranted under the circumstances, it is for the legislature or courts of appellate jurisdiction to make such a determination, and not the court of common pleas.