494 A.2d 1109

**Michael CHICARELLA, Appellant,**

v.

**Frank S. PASSANT, Michael P. Vincent, Ralph R. Passant, Business Information Company, State Automobile Mutual Insurance Company, Beverly Petrone and South Side Hospital. (Two cases)**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed May 17, 1985.

Reargument Denied July 15, 1985.

332

334

David L. Schwartz, Pittsburgh, for appellant.

Gerard J.A. Cipriani, Pittsburgh, for Passant, appellees.

David R. Johnson, Pittsburgh, for Petrone, appellees.

Before CIRILLO, HOFFMAN and ROSENWALD, JJ.[1]

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting appellee's preliminary objections and motion for summary judgment. We affirm in part and reverse in part.

In September, 1982, appellant filed a complaint alleging that an insured under a policy issued by defendant, State Automobile Mutual Insurance Company,[2] had struck appellant with his automobile. The insured denied that the

1. Judge Edward Rosenwald of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

2. State Automobile Mutual Insurance Company is not a party to this appeal.

accident had occurred. Therefore, because appellant's credibility appeared to be at issue, the insurance company hired Business Information Company (BIC) to investigate appellant's work history, physical condition, and community standing. As part of their investigation, BIC's employees researched appellant's criminal record and obtained information regarding his visits to South Side Hospital from Beverly Petrone, the hospital's credit manager. Appellant obtained BIC's report to the insurance company in the course of discovery regarding his personal injury claim.

In the instant action, filed December 1, 1983, appellant seeks to recover damages from appellees, BIC and its employees,[3] alleging that (1) their report contained defamatory statements, and (2) their efforts to investigate appellant's hospital records constituted an invasion of privacy. He also seeks damages from appellees, Ms. Petrone and South Side Hospital, alleging that (1) Ms. Petrone made defamatory remarks about appellant, and (2) her release of information to BIC's employees was an invasion of privacy.

On January 13, 1984, BIC and its employees filed preliminary objections in the nature of a demurrer. On February 3, the lower court granted the preliminary objections, dismissing the defamation claim for lack of publication and the invasion of privacy claim due to failure to plead legally cognizable damages. On May 23, 1984, Ms. Petrone and South Side Hospital filed a motion for summary judgment which was granted on June 13, 1984. The lower court held that (1) appellant had failed to allege special damages and (2) the allegedly defamatory statements were true. These consolidated appeals followed.

A. Preliminary Objections of BIC and its Employees

■ When reviewing a grant of a demurrer, all well-pleaded facts averred in the complaint are deemed admitted, and in order for the demurrer to be sustained, the complaint must indicate on its face that the claim cannot be satisfied

3. Appellant's complaint alleges that Frank S. Passant, Michael P. Vincent, and Ralph R. Passant are the BIC employees who performed the investigation and made the report to the insurance company.

336

and the law will not permit recovery. *Rosenwald v. Barbieri*, 501 Pa. 563, 566, 462 A.2d 644, 646 (1983), *cert. denied*, 465 U.S. 1024, 104 S.Ct. 1279, 79 L.Ed.2d 683 (1984).

■ Appellant's complaint alleged first that the report prepared by BIC for the insurance company contained defamatory matter concerning appellant.

In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

42 Pa.C.S.A. § 8343(a). Following the United States Supreme Court's decision in *Gertz v. Welch*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), a private figure plaintiff must also prove negligence or wilful misconduct by the defendant. *Hepps v. Philadelphia Newspapers, Inc.*, 506 Pa. 304, 323, 485 A.2d 374, 384 (1984). *See also* Restatement (Second) of Torts § 613 (1977) [hereinafter cited as Restatement].

■ In the instant case, the lower court held that BIC's report to the insurance company did not constitute publication. *See* Lower Court Opinion of February 3, 1984 at 1. We disagree. Publication of defamatory matter is the intentional or negligent communication of such matter to one other than the person defamed. *Gaetano v. Sharon Herald Co.*, 426 Pa. 179, 182, 231 A.2d 753, 755 (1967); *Agriss v. Roadway Express, Inc.*, 334 Pa.Superior Ct. 295, 328, 483 A.2d 456, 463 (1984); Restatement § 577. Here, BIC's report did communicate the allegedly defamatory matter to a third party, the insurance company.

However, a publisher of defamatory matter is not liable if the publication was made subject to a privilege, and the privilege was not abused. Restatement § 593. "Communications made on a proper occasion, from a proper motive, in a proper manner, and based upon reasonable cause are privileged." *Beckman v. Dunn,* 276 Pa.Superior Ct. 527, 536, 419 A.2d 583, 587 (1980); *see also Baird v. Dun & Bradstreet, Inc.,* 446 Pa. 266, 275, 285 A.2d 166, 171 (1971). An occasion giving rise to a conditional privilege occurs when (1) some interest of the publisher of the defamatory matter is involved; (2) some interest of the recipient of the matter, or a third party, is involved; or (3) a recognized interest of the public is involved. *Beckman v. Dunn, supra,* 276 Pa.Superior Ct. at 536, 419 A.2d at 587. Although the defendant in a defamation action ordinarily bears the burden of establishing a privilege to publish defamatory matter, 42 Pa.C.S.A. § 8343(b)(2), where a conditional privilege is evidenced, as here, in the plaintiff's complaint, the plaintiff will be nonsuited unless he can prove abuse of the privilege. *Baird v. Dun & Bradstreet, Inc., supra,* 446 Pa. at 275, 285 A.2d at 171; *Rankin v. Phillippe,* 206 Pa.Superior Ct. 27, 32, 211 A.2d 56, 58 (1965).

In the instant case, the insurance company's interest in paying only legitimate claims was raised by appellant's personal injury action. It is also in society's best interest for valid insurance claims to be ascertained and fabricated claims exposed. *Forster v. Manchester,* 410 Pa. 192, 197, 189 A.2d 147, 150 (1963). Although no Pennsylvania case has held that an investigator's report to an insurance company is a conditionally privileged occasion, we find support for this privilege in two similar situations. In *Baird v. Dun & Bradstreet, Inc., supra,* our Supreme Court held that a credit reporting agency has a conditional privilege to publish defamatory matter, provided that the publication is made in response to a request. 446 Pa. at 274–75, 285 A.2d at 171. The basis for the privilege is that the subscriber who requests information from a credit agency has a legitimate business interest in the information gathered by the

agency. In *Campbell v. Willmark Service System, Inc.,* 123 F.2d 204 (3d Cir.1941), the owner of a chain of stores hired the defendant to inspect the stores and report on the results of the inspection. During the course of the inspection, the defendant discovered that the plaintiff was violating store rules and reported these violations to the owner and the manager of the store where the plaintiff worked. The court held that defendant's publications of the plaintiff's violations to both the manager and the owner were privileged because of the recipients' interest in the information published. Here, as in *Baird* and *Campbell,* the publication of information collected by a defendant at the request of a party with an interest in the information should be privileged. We therefore find that BIC's report to the insurance company constituted a conditionally privileged publication.

■ Thus, in order to recover, appellant must show that BIC abused the conditional privilege.

> Abuse of a conditional privilege is indicated when the publication is actuated by malice or negligence, *Baird v. Dun & Bradstreet, Inc., supra,* is made for a purpose other than that for which the privilege is given, *Rankin v. Phillippe, supra,* or to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege, *id.,* or includes defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose. *See* Restatement (Second) Torts § 599 (1976).

*Beckman v. Dunn, supra,* 276 Pa.Superior Ct. at 537, 419 A.2d at 588 (footnote omitted). After reviewing appellant's complaint, we find that it does not allege facts which, if proved, would demonstrate abuse of the conditional privilege.

Appellant also contends that the efforts of BIC's employees to obtain information concerning his visits to the hospital were an invasion of privacy. According to BIC's report, which is attached to the complaint, BIC's investigators "utilized a pretext" to talk with the hospital's credit manag-

er and secure the records she had of appellant's outpatient treatments. These records apparently contained a brief summary of appellant's medical complaint, diagnosis, and charge for each visit. They revealed that between October, 1981 and November, 1982 appellant was treated for bronchitis, hematemisis, a shoulder injury, and a series of migraine headaches.

Our Court has adopted the definition of the tort of invasion of privacy promulgated by the Restatement §§ 652B–E. *Harris v. Easton Publishing Co.*, 335 Pa.Superior Ct. 141, 153, 483 A.2d 1377, 1383 (1984). Section 652B of the Restatement provides:

One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

 Here, appellant's complaint alleges that BIC's employees intentionally intruded upon his private affairs by securing the hospital's records. However, liability will not attach to that act unless the intrusion is *substantial* and *highly offensive* to a reasonable person. *Harris v. Easton Publishing Co.*, supra, 335 Pa.Superior Ct. at 154, 483 A.2d at 1383–84; Restatement § 652B comment d. In the instant case, we find that appellant has not pleaded sufficient facts to establish a substantial intrusion of a highly offensive nature. *Cf. Nagy v. Bell Telephone Co.*, 292 Pa.Superior Ct. 24, 436 A.2d 701 (1981) (act of obtaining from telephone company a list of telephone numbers dialed long distance from subscriber's phone was not a highly offensive act to which liability would attach). The brief descriptions of appellant's medical treatment cannot be deemed a substantial intrusion. Furthermore, the information disclosed by the hospital records is not of the sort which would "cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Hull v. Curtis Publishing Co.*, 182 Pa.Superior Ct. 86, 99, 125 A.2d 644, 646 (1956), *quoting Smith v. Doss*, 251 Ala. 250, 252–53, 37 So.2d 118, 120–21

(1948). Clearly, the conduct of BIC and its employees falls short of this standard.[4]

### B. Motion for Summary Judgment by Beverly Petrone and South Side Hospital

When reviewing the grant of summary judgment, the court must accept as true all well-pleaded facts in the non-moving party's pleadings and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. In order to uphold a grant of summary judgment, the record must demonstrate both an absence of genuine issues of material fact and an entitlement to judgment as a matter of law. *Curry v. Estate of Thompson,* 332 Pa.Superior Ct. 364, 366, 481 A.2d 658, 659 (1984). *See also* Pa.R.Civ.P. 1035(b).

Appellant's complaint alleges that Ms. Petrone made defamatory statements to BIC's employees as follows:

(a) By falsely describing and labeling Plaintiff as ... "obnoxious, a smart aleck, and 'locally known as being a man who has 'ladies of the night', and a 'pimp' ";

(b) By falsely stating that he ... "has several outpatient treatments here at the hospital at least since 1981, none of which he has paid for ...";

(c) By falsely stating that ... "it is common knowledge that (plaintiff) runs or has a stable of women and is a 'pimp' ...".

---

4. Appellant also argues that he has a cause of action for invasion of privacy as defined in Restatement § 652D, which provides:
 One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
 (a) would be highly offensive to a reasonable person, and
 (b) is not of legitimate concern to the public.
 However, as the Restatement and our caselaw make clear, the publicity required by this section is that the matter be communicated to the public at large, not merely to a few persons. *See Harris v. Easton Publishing Co., supra,* 335 Pa.Superior Ct. at 154, 483 A.2d at 1384; Restatement § 652D comment a. Here, appellant's complaint does not allege communication of defamatory matter to anyone other than the insurance company.

*See* Complaint at 9. In her response to appellant's interrogatories and her affidavit in support of the motion for summary judgment, however, Ms. Petrone stated

> I know specifically that I did not make all of the comments which are quoted in the complaint or on pages 10 and 11 of Exhibit "A". I do not know whether any of the alleged quotes are accurate but I do know for certain that many of the alleged quotes were not spoken by me.

*See* Answers to Interrogatories Directed to Beverly Petrone at # 4; Affidavit of Beverly Petrone at 4. We believe that these conflicting allegations by the parties create a genuine issue of material fact, that is, whether Ms. Petrone actually made the defamatory statements. Accordingly, we find that the motion for summary judgment was improperly granted on the defamation claim.[5]

Appellant also argues that Ms. Petrone's release of his hospital records to BIC's employees constituted an invasion of privacy. As discussed above, we find that appellant has not alleged facts sufficient to show a substantial, highly offensive intrusion as required by Restatement § 652B or to show the extent of publicity necessary to state a cause of

5. The lower court granted summary judgment on the grounds that (1) appellant failed to plead special damages and (2) appellees had proved the truth of the allegedly defamatory statements by submitting evidence that appellant had not paid his hospital bills and had been convicted in 1980 of transporting women across state lines for the purpose of prostitution. We note first that slander per se (words imputing a criminal offense, a loathsome disease, business misconduct, or serious sexual misconduct) is actionable without proof of special harm. *See* Restatement § 570; *cf. Agriss v. Roadway Express, Inc.,* 334 Pa.Superior Ct. 295, 312–15, 483 A.2d 456, 468–71 (1984) (reviewing relationship between libel and slander). Furthermore, in order to prove the truth of a defamatory statement as a defense to a defamation action, the defendant must prove that it is substantially true. *Kilian v. Doubleday & Co., Inc.,* 367 Pa. 117, 123, 79 A.2d 657, 660 (1951). "However, if the charge is one of persistent misconduct, the committing of a single instance of that conduct is not enough unless the instance is such as to imply its repetition." Restatement § 581A comment c. Here, proof that appellant was once convicted of transporting women for the purpose of prostitution would not be sufficient to prove that he was engaged in an ongoing effort to promote prostitution.

action under Restatement § 652D. We therefore hold that summary judgment was properly granted on this count.

For the foregoing reasons, we affirm the grant of the demurrer of BIC and its employees to appellant's defamation and invasion of privacy claims. While we also find that the motion for summary judgment filed by Ms. Petrone and South Side Hospital was properly granted with regard to appellant's count alleging invasion of privacy, we hold that summary judgment should not have been granted on the defamation count. Therefore, we reverse and remand for further proceedings on that issue.

Order of February 3, 1984 is affirmed. Order of June 13, 1984 is affirmed in part, reversed in part, and remanded for further proceedings. Jurisdiction is not retained.