**Player v. Singer**

*Anthony S. Guido,* for plaintiffs.
*Andrew Rothseid,* for defendant.

REILLY, Jr., *J.*, December 17, 1992—Plaintiffs Robert Player and Shirley Player above-named, are the parents of Rebecca Player and Jeffrey Player. Defendant, James M. Singer, M.A., is a psychologist licensed to practice in the Commonwealth of Pennsylvania. Plaintiffs in their complaint alleged that in August 1986, defendant visited Jeffrey Player who at the time was a patient at the DuBois Regional Medical Center. This visit was at the request of Jeffrey Player's treating physician. During the visit, defendant came into contact with plaintiff Rebecca Player who was visiting her brother at the hospital. As a result of these contacts and various interviews with Jeffrey and Rebecca, the complaint alleges that defendant filed a report of suspected child abuse with Clearfield County Children & Youth Services. The complaint further alleges that Singer filed the report without any basis and not based on any credible evidence and plaintiffs seek to recover money damages for injury to their good name, fame and reputation, and for mental pain and suffering and severe emotional distress.

Defendant filed preliminary objections to the original complaint and on June 12, 1992, this court sustained said objections and required plaintiffs to amend their complaint to state in separate counts all demands for relief. The amended complaint was filed and defendant has filed preliminary objections to said amended complaint in the nature of a demurrer to all three counts contained therein. This court does herein sustain defendant's demurrers and dismisses the amended complaint.

Count 1 of plaintiffs' amended complaint contains the claim of Jeffrey Player and must be dismissed in that it clearly does not state a cause of action by Jeffrey Player against the defendant. There is no basis for this claim set forth in the complaint and therefore, it must be stricken.

Counts 2 and 3 of the complaint are the claims of Robert and Shirley Player and their daughter, Rebecca Player, and to these counts defendant raises the defense of immunity. The claims here are based on allegations that defendant reported to proper authorities suspected child abuse of Rebecca Player by her father, Robert Player, without proper foundation. Under the Child Protective Services Act (23 Pa.C.S. §6311) the defendant, as a mental health professional, is required to report suspected child abuse. Further, under 21 Pa.C.S. §6318(a) and (b) he is immune from civil liability and is by law presumed to have acted in good faith. Indeed, as a mandated reporter under this Act, defendant faces criminal prosecution for failure to report any suspected case of child abuse. While the Act requires good faith in the making of a report of child abuse, the complaint alleges nothing to the contrary.

Plaintiffs seek to state a cause of action for defamation against Singer and to do so must plead facts that if proved would establish the following:

"(1) the defamatory character of the communication;

"(2) its publication by the defendant;

"(3) its application to the plaintiff;

"(4) the understanding by the recipient of its defamatory meaning;

"(5) the understanding by the recipient of it as intended to be applied to the plaintiff;

"(6) special harm resulting to the plaintiff from its publication; and

"(7) abuse of a conditionally privileged occasion." 42 Pa.C.S. §8343(a); *Chicarella v. Passant,* 343 Pa. Super. 330, 336, 494 A.2d 1109, 1112 (1985).

An individual plaintiff must also plead facts that establish negligence or willful misconduct by the defendant

and that establish the falsity of the alleged defamatory communication. See *Dougherty v. Boyertown Times,* 377 Pa. Super. 462, 547 A.2d 778 (1988).

Plaintiffs' amended complaint in Counts 2 and 3 does not set forth facts that establish negligent conduct (See *Rutt v. Bethlehems' Globe Publishing,* 335 Pa. Super. 163, 484 A.2d 72 (1984)) on the part of the defendant, nor does it set forth facts that establish abuse of a conditionally privileged occasion.

It must also be remembered that by statute the allegation in the complaint must also overcome the legal presumption of good faith on the part of the defendant. The amended complaint alleges that Mr. Singer interviewed Rebecca Player several times before making his report along with other family members over the course of approximately three days and only then did he submit his report of suspected child abuse. These allegations certainly do not indicate that defendant exercised anything other than reasonable care and diligence in his activities here.

In a very similar situation the U.S. District Court for the Eastern District of Pennsylvania in *Roman v. Appleby,* 558 F. Supp. 449 (1983) discussed the good-faith provisions of the Act. Therein the court discussed the obligation of the mandated reporter under the statute, noting that he is under threat of criminal sanction if a required report is not made. In a clearly similar situation, the court in *Roman* found that the complaint failed to overcome the good-faith presumption established by the statute and noted that the mandated reporter under the Act need not have "probable cause" to be required to make a report of suspected child abuse but need merely have "reason to believe" that such is the case. The District Court further held that the good-faith presumption "must be judged against objective standards rather than alleged motives or allegations of maliciousness" and in the instant

case this court is of the opinion that nothing in the amended complaint is sufficient to overcome the presumption.

Moreover, defendant Singer was not required to make a prereport investigation of his suspicions. See *Brozovich v. Circle C Group Homes,* 120 Pa. Commw. 417, 548 A.2d 698 (1988). Here the court noted that the Act does not require prereporting investigation and was unwilling to presume that the failure to consider such investigation was in bad faith in light of the need for prompt reporting of suspected child abuse cases.

In sustaining defendant's demurrers, this court also relies on the proposition that one who publishes defamatory matter is not liable if the publication was made subject to a qualified privilege, and the privilege was not abused. See *Chicarella, supra.* Such a privilege protects communications made on a proper occasion from a proper motive in a proper manner and based upon reasonable cause. Further:

"An occasion giving rise to a conditional privilege occurs when: (1) some interest of the publisher is involved; (2) some interest of the recipient of the matter, or a third party is involved; (3) or a recognized interest of the public is involved." *Id.*

If a complaint pleads facts which establish conditional privilege it must also establish abuse of that privilege. Clearly a conditional privilege exists for information according to the mandatory reporting requirements of the Act. A report of suspected abuse made pursuant to the Act constitutes a conditionally privileged occasion, and therefore, it was plaintiffs' burden to set forth something in the amended complaint pleading an abuse of the privilege.

"Abuse of a conditional privilege is indicated when the publication is actuated by malice or negligence, is

made for a purpose other than that for which the privilege is given, or to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege, or includes defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose." *Beckman v. Dunn, supra* at 537, 419 A.2d at 588. (citations omitted)

Plaintiffs' amended complaint does not state facts which demonstrate abuse of this privilege nor do they allege malice or negligence and therefore, it does not establish abuse of a conditional privilege.

While it is possible that based on allegations contained in plaintiffs' brief the defendant, James Singer, may have acted with insensitivity, nevertheless, this court is of the opinion that the requirements of the Child Protective Services Act and public policy outweigh any harm that may have resulted therefrom and this court is required to sustain defendant's demurrers.

In view of the foregoing, it will be unnecessary to discuss defendant's allegation that the amended complaint should be stricken for failure to file within 20 days of this court's order dated June 12, 1992.

Wherefore, the court enters the following

## ORDER

Now, December 17, 1992, upon consideration of preliminary objections filed on behalf of defendant to plaintiffs' amended complaint in the nature of demurrers thereto and briefs and argument thereon, it is the order of this court that said objections be and are hereby sustained, Counts 1, 2 and 3 of the amended complaint stricken and the complaint dismissed.